No. 245 April 17, 2024 107

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD D. YOKLEY,
*Defendant-Appellant.*

Marion County Circuit Court
21CR47307; A179612

Courtland Geyer, Judge.

Submitted March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction on three counts of menacing and three counts of fourth-degree assault related to his conduct against L and another person. In his sole assignment of error, defendant argues that the trial court erred in denying his motion for a mistrial. We affirm.

During the state's case-in-chief, the prosecutor asked one of the state's witnesses, Officer Mitchell, about his interview of L following defendant's arrest, including whether L had said "anything relating to this incident about why she was afraid of him." After referring to his police report, Mitchell stated, "She mentioned that he had said something along the lines of, 'I'll go back to prison.'" Defendant objected and requested a mistrial. The trial court sustained defendant's objection to the testimony, granted a motion to strike the answer, told the jury to cross out any notes they may have made about the answer, and instructed them to disregard the testimony and not rely on it. The prosecutor was permitted to rephrase the question in terms of whether L made it "clear to you that the defendant had made it clear to her he was willing to face legal consequences for his actions?" Mitchell responded, "Yes."

In defendant's view, Mitchell's reference to defendant having previously been in prison was so highly prejudicial, and the court's curative instruction so inadequate, that the court had no choice but to declare a mistrial. *See State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008) ("[S]tatements or testimony that the jury is instructed to disregard can be so prejudicial that, as a practical matter, the bell once rung, cannot be unrung by such an admonishment." (Internal quotation marks and citation omitted.)).

However, we agree with the state that the trial court's response to the testimony was sufficient to safeguard defendant's right to a fair trial under the circumstances. Mitchell's testimony, although referring to defendant's criminal history, did not identify specific criminal conduct by defendant; moreover, L had testified earlier during the state's case that "[m]y friend went to walk [a dog], and he—I

guess he got out of jail, and he grabbed her \*\*\*." Given that context and the equivocal and nondescriptive nature of the officer's testimony—"something along the lines of, 'I'll go back to prison'"—the trial court permissibly determined that any prejudice would be sufficiently mitigated by striking the testimony about prison and instructing the jury to disregard what they had heard. *See State v. Pratt*, 316 Or 561, 583, 853 P2d 827, *cert den*, 510 US 969 (1993) (trial court did not abuse its discretion in denying mistrial motion where the trial court had specifically found that "the mention of defendant being on death row was 'isolated and made in passing' and that the state 'did not capitalize on the disclosure in any way'"; "[t]he trial judge, who was present throughout the entire trial and who heard the inadvertent testimony in its full context, concluded that the evidence was not so damaging as to warrant a mistrial"); *State v. Charles*, 54 Or App 272, 274, 634 P2d 814 (1981), *aff'd*, 293 Or 273, 647 P2d 897 (1982) (rejecting defendant's argument that striking offending testimony and giving a curative instruction were insufficient to cure prejudice resulting from an officer's nonresponsive answer that defendant "was brought into the segregation area accompanied by officers from the area. He had threatened to kill an officer and he was being transported"); *see also State v. Smith*, 310 Or 1, 26, 791 P2d 836 (1990) (reciting the general proposition that "jurors are assumed to have followed their instructions, absent an overwhelming probability that they would be unable to do so").

Affirmed.